STATE, Plaintiff-Appellant, v. CUNNINGHAM,
Defendant-Appellee.

Ohio Appeals, Seventh District, Portage County.

No. 251.   Decided April 4, 1960.

*Mr. Oliver J. Schneider*, assistant city solicitor, and *Mr.
John Lansdale* of *Squire, Sanders & Dempsey*, for plaintiff-
appellant.
*Mr. Vincent E. Gilmartin*, for defendant-appellee.

See, also,
MC. 82 Ohio Law Abs., 56.   For further history see *Omnibus
Index* in bound volume.

*Per Curiam.*   This is an appeal on questions of law from
a judgment of the Municipal Court of Ravenna declaring Sec-
tion 5537.16, Revised Code, unconstitutional by reason of the
fact that it provides for an unconstitutional delegation of leg-
islative powers to the Ohio Turnpike Commission in the absence
of detailed standards.

Article II, Section 1, of the Constitution of the State of
Ohio, as amended November 3, 1953, provides:—

"The legislative power of the state shall be vested in a

general assembly consisting of a senate and house of representatives but the people reserve to themselves the power to propose to the general assembly laws and amendments to the constitution, and to adopt or reject the same at the polls on a referendum vote as hereinafter provided. They also reserve the power to adopt or reject any law, section of any law or any item in any law appropriating money passed by the general assembly, except as hereinafter provided; and independent of the general assembly to propose amendments to the constitution and to adopt or reject the same at the polls. The limitations expressed in the constitution, on the power of the general assembly to enact laws, shall be deemed limitations on the power of the people to enact laws.''

Section 5537.16, Revised Code, provides for powers of the Turnpike Commission and disposal of fines as follows:

''The commission shall have power to adopt such bylaws, rules and regulations as it may deem advisable for the control and regulation of traffic on any turnpike project, for the protection and preservation of property under its jurisdiction and control, and for the maintenance and preservation of good order within the property under its control. The rules and regulations of the turnpike commission with respect to the speed, axle loads, vehicle loads, and vehicle dimensions of vehicles on turnpike projects shall apply notwithstanding the provisions of Sections 4511.21 to 4511.24, inclusive, Section 4513.34, and Chapter 5577, Revised Code. Such bylaws, rules, and regulations shall be published in a newspaper of general circulation in Franklin County, and in such other manner as the commission prescribes.

''Such rules and regulations shall provide that public police officers shall be afforded ready access, while in the performance of their official duty, to all property under the jurisdiction of the commission, without the payment of tolls.

''No person shall violate any such bylaws, rules or regulations. All fines collected for the violation of such laws of the state and the bylaws, rules, and regulations of the turnpike commission or moneys arising from bonds forfeited for such violation shall be disposed of in accordance with Section 5503.04, Revised Code.''

''An enactment of the General Assembly is presumed to

be constitutional, and before a court may declare it unconstitutional it must appear beyond a reasonable doubt that the legislation and constitutional provisions are clearly incompatible." *State, ex rel. Dickman* v. *Defenbacher*, 164 Ohio St., 142 (paragraph 1 of the syllabus).

Section 5537.03, Revised Code, declared it to be the purpose of the Ohio Turnpike Act to remove traffic hazards and to facilitate vehicular traffic.

Section 5537.16, Revised Code, authorizing the enactment of such rules and regulations as the commission deemed best to promote rules and regulations to effectuate a program or plan advancing public safety and welfare comes clearly under the police power of the state; and under authority of *United State* v. *Grimaud*, 220 U. S., 506, the legislative body is free to delegate to an administrative agency such power in furtherance of public safety and welfare.

Appellee has pressed his contention that the statute here and the rules of the commission on speed, vary so widely from the speed statutes for other highways of the state as to be almost an unconscionable differentiation.

Here, the commission has set a speed limit of sixty-five miles per hour. It is a definite limit.

Our speed statutes for the rest of the state say that it shall be prima facie lawful to drive up to certain speeds in certain classified roads and streets, and it shall be prima facie unlawful to exceed such speeds. However, our statutes further empower the Director of Highways, upon investigation, to vary the prima facie speeds according to the need or necessity of any local situation. One has only to drive over the Ohio roads today, to note the thousands of variations, temporary and permanent, which now are exceptions to the statutory prima facie speeds. These variations are now so numerous that it would seem to the average driver, that these exceptions cover more of our highways than do the prima facie statutes. Therefore, we have, in effect, under law, set up the Director of Highways as a one man commission to set our speed limits for the legislature. In practical application, if the designation of this commission as the party to limit speeds on the turnpike is an unconstitutional delegation of legislative authority, then the statute authorizing the Director of Highways would likewise

be an unconstitutional delegation of legislative authority. But at the same time, it would be a practical impossibility to have the legislature pass on the almost daily changes that the Director is making.

We recognize the case of *State of Florida* v. *Florida State Turnpike Authority*, 80 Southern (2nd), 337, as supporting our holding that the legislation embraced in Section 5537.16, Revised Code, providing that the commission shall have power to adopt rules and regulations as it may deem advisable for the regulation of traffic on the turnpike, is a valid enactment of the General Assembly of Ohio. We hold the enactment constitutional. It follows that the judgment of the Ravenna Municipal Court should be and hereby is reversed, and remanded to that court for further proceedings.

GRIFFITH, P. J., PHILLIPS and DONAHUE, JJ., concur.